UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN E. MARSZALEK, | ) |
| | ) |
| Plaintiff, | ) 06 C 3558 |
| | ) |
| v. | ) |
| | ) Honorable Charles R. Norgle |
| THE NORTHWESTERN MUTUAL | ) |
| LIFE INSURANCE COMPANY, and | ) |
| AUSTIN L. WYMAN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court are Defendant Northwestern Mutual Life Insurance Company's Motion to Dismiss the Complaint, and Plaintiff John Marszalek's two Motions to Remand. For the following reasons, the court grants Defendant's Motion to Dismiss, and denies Plaintiff's Motions to Remand. The court, however, grants Plaintiff leave to file an amended complaint to recover benefits under the Employee Retirement Income Security Act ("ERISA").

### I. BACKGROUND

#### A. Facts

Plaintiff John Marszalek ("Marszalek") alleges that in the year 2000, he and his brother James Marszalek purchased a disability insurance policy ("the Policy") from Defendant Northwestern Mutual Life Insurance Company ("Northwestern"). Marszalek and his brother purchased the Policy under the employer name "Marszalek and Marszalek." Marszalek alleges

1

that the Policy provides, *inter alia*, for benefits of a maximum of $6,000 per month in the event Marszalek became disabled.

In July 2003, Marszalek alleges, his kidney function had fallen to below 15%, and it therefore became necessary for him to undergo hemodialysis three times per week to treat his end stage renal disease. Marszalek further alleges that as a result of his dialysis schedule, and various difficulties associated with his renal disease and ankyosing spondylitis, as well as kidney transplant surgery, he became disabled as defined by the Policy.

Marszalek alleges that in September 2003, he applied to Northwestern for disability benefits pursuant to the Policy. Marszalek alleges that he has fully complied with all the conditions precedent to the Policy, including the payment of $119 per month to Northwestern. However, Marszalek alleges, Northwestern has refused to pay Marszalek the monthly benefit to which he is entitled under the Policy. Instead, Marszalek alleges, Northwestern has offered to pay him $100 per month, which is the minimum allowable benefit under the Policy.

## B. Procedural History

On May 23, 2006, Marszalek filed a Complaint at Law in the Circuit Court of Cook County, Illinois. The three-count Complaint alleges state claims of Breach of Contract, Unreasonable and Vexatious Delay, and Deceptive Practices. Marszalek prays for a judgment in excess of $50,000, plus costs and attorneys fees. The summons and Complaint were not formally served on Northwestern until June 5, 2006.

Northwestern removed this case to the Northern District of Illinois on June 30, 2006. Northwestern asserts that removal is proper in this case, as ERISA completely preempts state law claims brought against Northwestern.

On July 13, 2006, Northwestern filed its Motion to Dismiss. Northwestern argues that the Policy to which Marszalek has subscribed is an "employee welfare benefit plan" as defined by ERISA, and that ERISA therefore entirely preempts the state law causes of action alleged by Marszalek. Therefore, Northwestern asserts, this case should be dismissed, but Marszalek should be allowed to pursue his claims under ERISA. Marszalek filed his first Motion to Remand on August 16, 2006, and filed his second Motion to Remand on September 20, 2006. Marszalek asserts that his claims are not based on ERISA, and that the Policy expressly provides that it is subject to the laws of the State of Wisconsin. These Motions are fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Section 514 of ERISA, 29 U.S.C. § 1144, provides for a broad standard of federal preemption. "ERISA comprehensively regulates, among other things, employee welfare benefit plans that 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987) (quoting ERISA § 3(1); 29 U.S.C. § 1002(1)). "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." ERISA § 514(a), 29 U.S.C. § 1144(a). ERISA therefore preempts state law claims against employee benefit plans. See Cruthis v. Metropolitan Life Ins. Co., 356 F.3d 816, 819 (7th Cir. 2004) (indicating that, through ERISA, Congress intended to provide for the removal of employee benefit actions filed in state courts); Lister v. Stark, 890 F.2d 941, 943-

3

44 (7th Cir. 1989) ("the language of the jurisdictional subsection of ERISA's civil enforcement provision clearly indicates a Congressional intent to make all suits that are cognizable under ERISA's civil enforcement provisions federal question suits."). The court notes that whether a plaintiff in an employee benefits case desires to sue under ERISA is irrelevant. See Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996) ("the preemptive force of ERISA is so powerful that it converts a state law claim into an action arising under federal law, even if the plaintiff does not want relief under ERISA.").

ERISA defines an "employee welfare benefit plan" as (1) any "plan, fund or program" (2) which is "established or maintained" (3) by an "employer" or an "employee organization" (4) for the purpose of providing, either directly or "through the purchase of insurance," benefits such as medical, dental, life, and disability (5) to participants and beneficiaries. 29 U.S.C. § 1002(1); Ruttenberg v. United States Life Ins. Co., 413 F.3d 652, 660 (7th Cir. 2005). If Marszalek's Policy falls under the statutory definition of an "employee welfare benefit plan," his state law claims are therefore preempted by ERISA.

## B. ERISA Preempts Marszalek's State Law Claims

The first prong of the test for whether the Policy is an "employee welfare benefit plan" is satisfied. The Policy clearly constitutes a "plan, fund, or program" under ERISA. The Policy to which Marszalek subscribes, attached to his Complaint as Exhibit A, expressly identifies the individuals eligible for coverage: "To become insured you must: Be a Member; Complete Your Eligibility Waiting Period for Insurance; and Meet the other requirements in Section 1." Compl., Ex. A, at 1. The Policy specifies the source of financing: "Noncontributory. The Policyholder or Employer pays the entire premium for your insurance." Id., at 2. The Policy also specifies the

4

types of benefits provided: Group Long Term Disability. Id. at Group Insurance Certificate Page. Importantly, the Policy advises claimants of their rights under ERISA. Id. at 26-27 ("Statement of Your Rights Under ERISA," "Protection of Your Rights under ERISA," "Questions about the Plan or ERISA.").

The second and third prongs of the above test are also satisfied. Marszalek and Marszalek are clearly identified as the employer on page 1 of the Policy. Marszalek and Marszalek have contracted with an insurer for the Policy, and have paid premiums under the Policy. As employers, they have clearly "established" a plan under ERISA. See Postma v. Paul Revere Life Inc. Co., 223 F.3d 533, 537 (7th Cir. 2000) ("An employer establishes or maintains a plan if it enters a contract with the insurer and pays its employees' premiums.").

The fourth and fifth prongs of the above test are satisfied as well. The Policy clearly provides disability benefits to participants and beneficiaries. Compl., Ex A., at 2. These benefits are to be provided to the employees of Marszalek and Marszalek. Id., at 1. See also Ruttenberg, 413 F.3d at 660 (defining participants in ERISA plans as "any employee . . . of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . .").

The court therefore determines that the Policy is an ERISA based "employee welfare benefit plan," and that Marszalek is a participant or beneficiary of the Policy. There can thus be no question that Marszalek's claim for disability benefits is preempted by ERISA. See 29 U.S.C. § 1144(a); Lister, 890 F.2d at 943-44.

## III. CONCLUSION

For the foregoing reasons, Northwestern's Motion to Dismiss is granted, and Marszalek's Motions to Remand are denied. Marszalek, however, is granted leave to file an amended complaint pursuant to ERISA. Marszaleki is cautioned to name the proper party in his amended complaint. See Jass, 88 F.3d at 1490 ("the appropriate defendant for a denial of benefits claim would be the plan.").

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

Dated: September 29, 2006