# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN E. MARSZALEK, ) ) Plaintiff, ) ) v. ) ) MARSZALEK & MARSZALEK PLAN, ) a non-legal entity (or legal fiction) ) ) Defendant. ) | No. 06 C 3558 Judge Charles R. Norgle Mag. Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before the Court is defendant Long Term Disability Insurance's (incorrectly named as Marszalek & Marszalek Plan, referred to herein as "defendant" or "the Plan"), motion *in limine* for a declaration of the standard of review and for a protective order. Defendant asks this Court to declare that the applicable standard of review for this ERISA matter is the arbitrary and capricious standard. Defendant also asks this Court to enter a protective order precluding plaintiff from engaging in oral or written discovery. This matter was referred to this Court by Judge Norgle in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons set forth below, the Plan's motion *in limine* and for a protective order is granted.

## BACKGROUND

Plaintiff, John E. Marszalek ("plaintiff"), brought this action for disability insurance benefits against the Plan, pursuant to 29 U.S.C. 1132(a)(1)(B). Plaintiff challenges the plan administrator's calculation of his monthly benefits. He alleges that he is entitled to the maximum monthly benefit of six thousand dollars under the policy as a result of his

disability.  The issue is not whether plaintiff is disabled.  Rather, the issue in this case is whether the Plan correctly determined the amount of plaintiff's monthly benefits.  For purposes of this motion, we must determine the appropriate standard of review for this ERISA matter and whether to permit plaintiff to engage in discovery outside of the administrative record.

**ANALYSIS**

**I.     The Appropriate Standard of Review**

Under ERISA, judicial review of a plan administrator's benefits determination is *de novo* unless the plan grants discretionary authority to the administrator.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Where the plan gives the administrator discretionary authority, the court reviews the decision under the arbitrary and capricious standard.  *Hackett v. Xerox Corp.*, 315 F.3d 771, 773 (7th Cir. 2003).  In order to determine whether the administrator has discretionary authority, courts look to the language of the plan.  *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000).

In *Herzberger v. Standard Insurance Co.*, the Seventh Circuit formulated a general rule to determine whether or not the language of a benefits plan conferred discretionary authority.  205 F.3d 327, 330 (7th Cir. 2000).  The court stated that "the mere fact that a plan requires a determination of eligibility or entitlement by the administrator, or requires proof or satisfactory proof of the applicant's claim, or requires both a determination and proof (or satisfactory proof) does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." *Id.* at 332.  Therefore, the court

2

suggested that employers seeking to reserve discretionary authority for the administrator of their benefits plan, include a safe harbor clause stating that "benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." The Seventh Circuit reasoned that this clause would put employees on notice of an administrator's discretion and guarantee plan providers that their decisions would be reviewed under the "arbitrary and capricious" standard. *Id.* at 331. However, the *Herzberger* court also noted that there are no "magic words" for determining the scope of judicial review of a benefits determination. *Id.* Accordingly, the court recognized that less explicit language may still have the "requisite if minimum clarity" to confer discretionary authority to the administrator. *Id.*

Since *Herzberger*, the Seventh Circuit has stated that in determining which standard of review is appropriate, "the critical question is whether the plan gives the employee adequate notice that the plan administrator is to make a judgment within the confines of pre-set standards, or if it has the latitude to shape the application, interpretation, and content of the rules in each case." *Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 640 (7th Cir. 2005).

Here, the insurance policy contains an allocation of authority provision which provides as follows:

> ALLOCATION OF AUTHORITY
>
> Except for those functions which the Policy and the Summary of Insurance Benefits specifically reserves to the Policyowner or Employer, the Company [Northwestern Mutual] has full and exclusive authority to control and manage the Policy and Summary of Insurance Benefits, to administer claims, and to interpret the Policy and the Summary of Insurance Benefits and resolve all questions arising in the administration, interpretation, and application of the Policy and Summary of Insurance Benefits.

3

The Company's authority includes, but is not limited to:

* The right to resolve all matters when a review has been requested;

* The right to establish and enforce rules and procedures for the administration of the Policy and the Summary of Insurance Benefits and any claim under them;

* The right to determine:

(1) Eligibility for insurance;

(2) Entitlement to benefits;

(3) Amount of benefits payable;

(4) Sufficiency and the amount of information we may reasonably require to determine 1, 2., or 3, above.

Subject to the review procedures of the Policy and the Summary of Insurance Benefits, any decision the Company makes in the exercise of the Company's authority is conclusive and binding.

The Court finds that the plan language conveys the idea that the administrator has discretionary authority to make benefits determinations. *See Gutta v. Std. Select Trust Ins.*, 2006 U.S. Dist. LEXIS 65530, *14 (N.D. Ill. 2006). In particular, the Allocation of Authority provision states that the administrator has the full and exclusive authority to manage the Plan and resolve all questions regarding the Plan's administration, interpretation, and application. The provision further provides that the administrator has the right to resolve all matters when a review has been requested; the right to establish and enforce rules and procedures for the administration of the Plan; and the right to determine eligibility and amount of benefits as well as the sufficiency of information needed to determine a claimant's eligibility or amount of benefits. This language provides notice to plan participants that the administrator has "the latitude to

4

shape the application, interpretation, and content of the rules in each case." *Diaz*, 424 F.3d at 640. Thus, the plan documents clearly establish that the administrator has discretionary authority. *Gutta*, 2006 U.S. Dist. LEXIS 65530 at *14 (recognizing that "the full and exclusive ability to resolve any questions regarding the plan's administration, interpretation, and application when administering benefits is another way of saying that the plan administrator has discretion.").

Plaintiff argues that even if the Court determines that the administrator has discretionary authority, we should nevertheless review the administrator's decision *de novo* because there is a "serious" conflict of interest. In particular, plaintiff argues that the plan administrator breached its fiduciary duty because it: (1) used plaintiff's income from the years 2002 rather than 1999 to determine the amount of his monthly benefits, and (2) defined the term "ordinary income" as "net loss." Plaintiff explains that this deception resulted in the plan administrator offering the plaintiff the minimum benefit of $100.00 per month. According to plaintiff, the most plausible explanation for this breach of fiduciary duty is the "gargantuan" conflict of interest of the plan administrator. However, plaintiff provided no specific evidence of a conflict of interest. Instead, what plaintiff described was his disagreement with the plan administrator's calculation of his monthly benefits.

Moreover, it is well settled under Seventh Circuit law that the presence of a conflict of interest does not alter the standard of review. *O'Reilly v. Hartford Life & Accident Ins. Co.*, 272 F.3d 955, 960 (7th Cir. 2001) (stating that "[t]he presence of a conflict of interest does not change the standard of review."); *Hess v. Reg-Ellen Mach. Tool Corp.*, 423 F.3d 653, 659 (7th Cir. 2005); *Leipzig v. AIG Life Ins. Co.*, 362 F.3d

406, 408 (7th Cir. 2004).

Next, plaintiff argues that Illinois law prohibits the issuance of insurance policies containing clauses that grant insurance companies discretionary authority. In support of this argument, plaintiff relies on an Illinois Department of Insurance Regulation found in § 2001 of the Illinois Administrative Code. 29 Illinois Register 10172; 50 Ill. Admin. Code § 2001 (July 15, 2005). However, the regulation has an effective date of July 15, 2005. *Id.* It is not retroactive and therefore, it fails to invalidate discretionary clauses in insurance policies issued prior to July 15, 2005. *See Dreyer v. Metro. Life Ins. Co.*, 459 F. Supp. 2d 675, *14-15 (N.D. Ill. 2006); *Guerrero v. Hartford Fin. Servs. Group*, 2006 U.S. Dist. LEXIS 29248, *19 (N.D. Ill. 2006). Because the plan documents in this case were issued on October 1, 1996, with an effective date of June 1, 2000 (as to Marszalek & Marszalek), the regulation is inapplicable here.

Based on the foregoing, because the plan grants discretionary authority to the administrator, the appropriate standard of review is the arbitrary and capricious standard. *Hackett*, 315 F.3d at 773.

## II.    Motion for a Protective Order

Next, we must determine whether plaintiff should be allowed to engage in discovery outside of the administrative record. Plaintiff has issued interrogatories, requests for production of documents and notices of deposition. Plaintiff argues that he needs this discovery in order to demonstrate the plan administrator's conflict of interest. Defendant asks this Court to enter a protective order barring plaintiff from engaging in written or oral discovery because the appropriate standard of review is arbitrary and capricious. The arbitrary and capricious standard is a deferential form of review that

limits review to the administrative record. *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981-982 (7th Cir. 1999). As a result, discovery is typically limited to materials in the administrative record. *Id.* at 982.

However, where a plaintiff demonstrates a prima facie case of misconduct by the plan administrator or a conflict of interest, discovery may be appropriate. *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 814 (7th Cir. 2006). A plaintiff may obtain limited discovery, beyond the administrative record, if he establishes two factors: (1) a specific conflict of interest or instance of misconduct, and (2) a prima facie showing that there is good cause to believe limited discovery would reveal a procedural defect in the plan administrator's determination. *Id.* at 815. If both prongs are satisfied, a court may allow limited discovery despite the deferential arbitrary and capricious standard. *Id.* It is important to note that this is the exception to the rule. The *Semien* standard presents a "high bar," which only allows discovery beyond the administrative record in "exceptional circumstances." *Id.*

Here, the plaintiff has not presented any evidence to demonstrate a prima facie case of misconduct or a conflict of interest. The mere fact that plaintiff disagrees with the plan administrator's calculation of his monthly benefits does not demonstrate a conflict of interest. Nor has plaintiff offered evidence of a specific instance of misconduct by the plan administrator. Accordingly, this Court finds that plaintiff has not met the "high bar" set by *Semien*. Furthermore, the *Semien* court recognized that the district court has significant discretion to allow or disallow discovery requests when reviewing a plan administrator's decision in the ERISA context. *Id.* at 814.

Based on the foregoing, defendant's motion for a protective order barring plaintiff

from engaging in written or oral discovery beyond the administrative record is granted.

**CONCLUSION**

For the reasons set forth above, defendant's motion *in limine* and for a protective order is granted. It is so ordered.

ENTER:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**


**Dated:** **April 30, 2007**