**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN E. MARSZALEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 3558 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| MARSZALEK & MARSZALEK PLAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is plaintiff's motion to reconsider our June 30, 2008 Order denying his motion for summary judgment and entering summary judgment in favor of defendant, the Long Term Disability Insurance Plan (incorrectly named as the Marszalek & Marszalek Plan, hereinafter "defendant" or the "Plan"). Plaintiff's claim is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B). For the reasons discussed below, plaintiff's motion is denied.

**I.      Standard for Reconsideration**

In order to prevail on a motion for reconsideration, the movant must present newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Smith v. Niles Township High Sch. Dist. 219,* 2006 U.S. Dist. LEXIS 29212, *3 (N.D. Ill. May 1, 2006) (citations omitted). A "manifest error" is not demonstrated by the disappointment of the losing party. *Oto*, 224 F.3d at 606. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id., quoting Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997). A motion to reconsider does not allow a party "to advance

arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted). Rather, "the rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

## II.     The Arbitrary and Capricious Standard of Review

Plaintiff seeks reconsideration of the standard of review applied to his claim for disability insurance benefits. This Court first ruled that the arbitrary and capricious standard is the appropriate standard of review in this case in *Marszalek v. Marszalek & Marszalek Plan*, 485 F. Supp. 2d 935 (N.D. Ill. 2007) ("*Marszalek I*"). At that time, plaintiff alleged a "serious" conflict of interest and deception by the administrator, Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). *Id.* at 938. We found that plaintiff failed to provide specific evidence of a conflict, and further noted that the presence of a conflict does not always change the standard of review. *Id.* at 937-38; *see, also O'Reilly v. Hartford Life & Accident Ins. Co.*, 272 F.3d 955, 960 (7th Cir. 2001) (stating that "[t]he presence of a conflict of interest does not change the standard of review.")

Plaintiff then filed a motion for summary judgment. *Marszalek v. Marszalek & Marszalek Plan*, 2008 U.S. Dist. LEXIS 50608, *25 (N.D. Ill. June 30, 2008) ("*Marszalek II*"). In connection with that motion, plaintiff asked this Court to vacate our holding in *Marszalek I* and apply the *de novo* standard of review. *Id.* at *22. We denied plaintiff's request, denied plaintiff's motion for summary judgment, granted defendant's cross-

2

motion, and entered summary judgment in favor of defendant. *Id.* at *22-25.

Now, plaintiff seeks reconsideration of our application of the more deferential standard of review, as well as the entry of summary judgment in favor of the Plan, on the grounds that *Marszalek II* "is silent on the question of whether [d]efendant's conflict of interest was weighed as a factor." Plaintiff cites the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn,* __ U.S. __, 2008 U.S. LEXIS 5030 (June 19, 2008), and avers that it amends the standard of review applied in the present case. Plaintiff asks this Court to apply the Third Circuit's analysis in *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377 (3rd. 2000), which he describes as the "opposite" of the approach utilized in the Seventh Circuit. Finally, plaintiff argues that *Glenn* mandates discovery into Northwestern Mutual's conflict of interest.

In *Marszalek II,* this Court applied the deferential standard of review set forth in *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101 (1989), and its progeny and determined that the administrator did not abuse its discretion in deciding that plaintiff qualified for the Plan's minimum monthly benefit. *See Marszalek II*, 2008 U.S. Dist. LEXIS 50608, *23-24. Our decision is consistent with Seventh Circuit precedent, and with the Supreme Court's holding in *Glenn*. *See Glenn*, 2008 U.S. LEXIS 5030, *18-22 (reviewing the principles of deferential review and refusing to adopt a near universal *de novo* standard); *see, also Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 981 (7th Cir. 1999) ("Panels have on occasion suggested that a conflict should lead to judicial review with 'more bite,' but have never come up with an operational definition of 'more bite' or a specification of the appropriate circumstances for mastication.") (citations omitted). As the Seventh Circuit recently

noted, "*Glenn* reaffirmed the rules for deciding whether a *de novo* or abuse-of-discretion standard of review should be applied, citing *Firestone*." *Gutta v. Standard Select Trust Ins. Plans,* __ F.3d __, 2008 U.S. App. LEXIS 16952, * 2 (7th Cir. Aug. 8, 2008). Accordingly, nothing in *Glenn* changes the standard of review in this case. *See id.; see, also Speciale v. Blue Cross & Blue Shield Ass'n,* __ F.3d __, 2008 U.S. App. LEXIS 17051, *13 (7th Cir. Aug. 7, 2008) (stating that the review of the denial of benefits "proceeds under the arbitrary-and-capricious standard" and the district court should "only look to insure that the [administrator's] decision has rational support in the record.") (quotations omitted).

## III.     Discovery

Plaintiff argues that under the sliding scale approach adopted in *Pinto*, 214 F.3d 377, he should be allowed to discover the extent to which the administrator's[1] conflict affected the review of his claim since "otherwise *Glenn* is meaningless." Plaintiff's interpretation of *Glenn* is misguided, at best. *See Gutta*, 2008 U.S. App. LEXIS 16952, *2 (harmonizing *Firestone* and *Glenn*). Our review of plaintiff's request for discovery beyond the administrative record is guided by *Semien v. Life. Ins. Co. of North Am.*, 436 F.3d 805 (7th Cir. 2006), *cert denied*, 127 S.Ct. 53 (2006). In *Semien*, the Seventh Circuit held that discovery in ERISA cases may be appropriate only in "exceptional" circumstances where the claimant is able to "identify a specific conflict of interest or instance of misconduct" and "make a *prima facie* showing that there is good cause to believe limited discovery will reveal a procedural defect." *Id.* at 815. Plaintiff claims,

---

[1] Plaintiff's motion seeks to discover the extent of "defendant's" conflict. However, the structural conflict involves the administrator, Northwestern Mutual, not the Plan itself.

4

without citations to supporting authority, that "the restrictions imposed on discovery by *Semien* no longer make sense" and should not guide this Court's analysis. Plaintiff's position is not supported by established case law. For this same reason, we reject plaintiff's request to allow discovery in ERISA cases or, alternatively, to remand this, and all other ERISA cases, to the state courts to monitor discovery. *See Semien*, 436 F.3d at 815.

Turning first to any specific conflict of interest or instance of misconduct, plaintiff cites the bonuses received by Northwestern Mutual executives. Plaintiff speculates that these bonuses resulted from the denial of claims since "less money paid to disabled claimants equals a greater bottom line for the company [which] equals higher bonuses." Therefore, plaintiff contends that he should not be limited by the "so-called" administrative record.

The fact that Northwestern Mutual executives received bonuses in excess of one million dollars is not an exceptional circumstance warranting discovery. *See Semien*, 436 F.3d at 815; *see, also Davis v. Umun Life Ins. Co.*, 444 F.3d 569, 575-76 (7th Cir. 2006), *cert denied*, 127 S.Ct. 234 (2006). Moreover, this Court was aware of Northwestern Mutual's responsibility for evaluating and paying claims at the time we issued our decision denying plaintiff's motion for summary judgment. We found then, as we do now, that the structural conflict is of small importance, and does not support plaintiff's contention that Northwestern Mutual abused its discretion. *See Firestone,* 489 U.S. at 115 (reasoning that where an administrator operates under a conflict, that conflict should be weighed as a factor in determining if there is an abuse of discretion).

Plaintiff also speculates that Northwestern Mutual somehow concealed the

5

existence of lawsuits filed against it, thereby precluding plaintiff and other ERISA claimants from discovering its history of biased claim administration. However, there is no evidence to support this contention. *See Glenn*, 2008 U.S. LEXIS 50350, *21 (noting that a conflict of interest should prove more important where "circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration.") To the contrary, the administrative record shows that Northwestern Mutual construed the terms of the Plan in a manner consistent with the overall purpose of the Plan. *See Marszalek II*, 2008 U.S. Dist. LEXIS 50608, *31-33. In fact, Northwestern Mutual even acted against its own self interest by amending the terms of the Plan to provide coverage for plaintiff after it discovered he was not a solo practitioner, and therefore was no longer eligible to receive Plan benefits. *Id.* at *13-14. Accordingly, there is no basis for this Court to conclude that the conflict affected Northwestern Mutual's benefit determination, and no evidence of any bias, misconduct or financial self-interest in this case. *See Glenn*, 2008 U.S. LEXIS 5030, *21-22 (where administrator's decision is not affected by potential bias the conflict should prove less important, "perhaps to the vanishing point."); *Semien*, 436 F.3d at 815 (stating that "district courts are correct in limiting discovery except in exceptional circumstances.")

**IV.     Illinois Law**

Finally, plaintiff argues that this Court erred in applying a deferential standard of review because Illinois law prohibits the issuance of insurance policies containing clauses that grant insurance companies discretionary authority. This issue was resolved in *Marszalek I*. *See* 485 F. Supp. 2d at 939 (finding that the relevant Illinois

6

Department of Insurance Regulation is not retroactive and therefore inapplicable to the present case). We will not revisit it here.

**V.  Conclusion**

Accordingly, for the reasons set forth above, plaintiff's motion to reconsider is denied.

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**DATED: August 26, 2008**